# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **STEPHANIE WEST,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 20-2373-EFM-GEB |
| | ) |
| **KAWASAKI HEAVY INDUSTRIES, LTD.,** | ) |
| **et al.,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## **ORDER**

This matter is before the Court on Defendants Kawasaki Heavy Industries, Ltd. and Kawasaki Motors Corp., U.S.A.'s motion for leave to file their comparative fault identification out of time. (**ECF No. 21.**) The motion was filed August 13, 2021, making Plaintiff's response deadline August 27, 2021. No response has been filed, and the Court may grant the motion as uncontested without further notice pursuant to D. Kan. Rule 7.4(b).

Additionally, in its discretion, the Court finds the balance of factors weigh in favor of permitting leave to file out of time due to excusable neglect as analyzed under D. Kan. Rule 6.1(a) and Fed. R. Civ. P. 6(b)(1)(B), and no prejudice would occur by permitting the late filing.[1]

---

[1] The court considers four factors to determine excusable neglect: "(1) the reason for the delay, including whether it was within the reasonable control of the movant; (2) whether the movant acted in good faith; (3) danger of prejudice to the nonmoving party; and (4) the length of the delay and its potential impact on judicial proceedings." *Jackson v. Wal-Mart Stores E., LP,* No. 20-2469-JWB-JPO, 2021 WL 102818, at *1 (D. Kan. Jan. 12, 2021) (citing Fed. R. Civ. P. 6(b)(1)(B); D.

**IT IS THEREFORE ORDERED** that Defendants Kawasaki Heavy Industries, Ltd. and Kawasaki Motors Corp., U.S.A.'s motion for leave to file their comparative fault identification out of time (**ECF No. 21**) is **GRANTED**. Defendants shall file their comparative fault identification no later than **September 10, 2021**.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 1st day of September, 2021.

s/ Gwynne E. Birzer  
GWYNNE E. BIRZER  
United States Magistrate Judge

---

Kan. Rule 6.1(a); *YRC Worldwide, Inc. v. Zimmerman*, No. 09-2098-KHV, 2009 WL 10689839, at *1 (D. Kan. Nov. 3, 2009)).